IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM KEITH THOMAS, 684117,<br>Petitioner, | )<br>)<br>) |
| v. | )   No. 3:14-CV-999-D |
| | ) |
| WILLIAM STEPHENS, Director, TDCJ-CID,<br>Respondent. | )<br>) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for possession of a controlled substance, enhanced by two prior felonies. *State of Texas v. William Keith Thomas*, No. F-9425067 (Crim. Dist. Ct. No. 1, Dallas County, Tex., May 20, 1994). He was sentenced to twenty-five years in prison. He did not file an appeal.

On July 1, 2013, Petitioner filed a state habeas petition. *Ex parte Thomas*, No. 20,828-03. On October 23, 2013, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On March 20, 2014, Petitioner filed this petition. He argues: (1) his arrest was illegal;

and (2) his conviction was the result of an illegal search and seizure.

On August 26, 2014, Respondent filed an answer arguing the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition is barred by limitations.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was convicted on May 20, 1994. He did not appeal his conviction. The conviction therefore became final thirty days later on June 19, 1994. *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until June 19, 1995, to file his federal petition.

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's April 24, 1996 effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On July 1, 2013, Petitioner filed a state habeas petition. This petition was filed after the AEDPA limitations period expired. Consequently, it did not toll the limitations period.

Petitioner was required to file his § 2254 petition by April 24, 1997. He did not file the petition until March 20, 2014. His petition is therefore untimely.

B. **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) *abrogated on other grounds by Richards v. Taylor*,

710 F.3d 573 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling because his plea agreement contained an appeal waiver, and his counsel and the court told him he could not file an appeal. He states that in 2013 he learned he could file a petition for writ of habeas corpus. However, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). For equitable tolling to apply, the applicant must diligently pursue habeas corpus relief. *See Coleman,* 184 F.3d at 402 (5th Cir. 1999). Petitioner waited approximately seventeen years after enactment of the AEDPA to file his § 2254 petition. He has not shown that he diligently pursued his habeas corpus remedies, that he was actively mislead by the state regarding those remedies, or that he was prevented is some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 19 day of March, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).